IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **HEIDI EASTUS,** | § | **CIVIL ACTION NO. 4:18-cv-1896** |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | |
| | § | |
| **ISS FACILITY SERVICES, INC.,** | § | |
| **LUFTHANSA SYSTEMS** | § | |
| **AMERICAS, INC.,** | § | |
| **DEUTSCHE LUFTHANSA, A.G. d/b/a** | § | |
| **LUFTHANSA GERMAN AIRLINES,** | § | |
| *Defendants.* | § | **JURY TRIAL DEMANDED** |

**JOINT DISCOVERY/ CASE MANAGEMENT PLAN UNDER**
**RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

1.   **State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

   The meeting of counsel was held on August 29, 2018, by telephone conference, and included the participants listed below. The parties also exchanged drafts of this case management plan by email thereafter.

   Amber L. Karns
   STARZYK & ASSOCIATES, P.C.

   ATTORNEY FOR PLAINTIFF,
   HEIDI EASTUS

   Sean O'Neal Braun
   LEWIS BRISBOIS BISGAARD & SMITH, LLC

   ATTORNEY FOR DEFENDANTS
   ISS FACILITY SERVICES, INC.,
   LUFTHANSA SYSTEMS AMERICAS, INC.,
   DEUTSCHE LUFTHANSA, A.G. d/b/a
   LUFTHANSA GERMAN AIRLINES

2.   **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None presently known.

3. **Briefly describe what the case is about.**

   Plaintiff: Heidi Eastus is a transportation worker who performed worked for Defendants at Bush Intercontinental Airport ("IAH"). In or about March 2016 Eastus began working full time as Account Manager implementing the ground handling contract between ISS and Lufthansa at IAH. Eastus held a good faith belief that Defendants were discriminating against and harassing the transportation workers she supervised (ticketing and gate agents working Lufthansa flights) in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000 *et seq*. ("Title VII"), 42 U.S.C. § 1981 ("§ 1981"), and the Texas Commission on Human Rights Act, Tex. Lab. Code § 21.001 *et seq*. ("TCHRA"). Eastus engaged in protected activity by opposing Defendants' discrimination and harassment. Rather than addressing Eastus's complaints, Defendants retaliated against her. Defendants also discriminated against Eastus, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, on the basis of her disability (stress-induced urticaria) by replacing her under the guise of "accommodating" her disability.

   Defendants: Defendant ISS Facility Services, Inc. employed Plaintiff from November 2014 until July 2017. Plaintiff and ISS entered a Mutual Agreement to Arbitrate Claims, dated November 11, 2014. In or about March 2016, ISS assigned Plaintiff to serve as an account manager for ISS's customer, Lufthansa. Plaintiff was never employed by Lufthansa. On or about July 5, 2017, Plaintiff resigned from her employment with ISS, declining a new position offered to accommodate Plaintiff's request to work from home and to work only a very-reduced schedule.

   Plaintiff filed the instant lawsuit on June 8, 2018, alleging retaliation and disability discrimination against Defendants under Title VII, 42 U.S.C. § 1981, the Texas Commission on Human Rights Act, and the Americans with Disabilities Act. Defendants deny discriminating against Plaintiff in any manner and specifically deny violating the foregoing federal and state laws.

   Further, under the parties' mutual agreement to arbitrate claims, "[a]ll disputes covered by this Agreement between [Plaintiff] and [ISS] shall be decided by an arbitrator through arbitration and not by way of court or jury trial." Because Plaintiff's claims arise out of or are in connection with Defendants' alleged employment discrimination and retaliation, Plaintiff must arbitrate her claims against Defendants, as the parties have contractually agreed.

4. **Specify the allegation of federal jurisdiction.**

   Plaintiff: Jurisdiction is proper in this court as pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000 *et seq*. ("Title VII"), 42 U.S.C. § 1981 ("§ 1981") and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*.

**5.     Name the parties who disagree and the reasons.**

Defendants contend this Court lacks subject matter jurisdiction because, as discussed in Defendants' pending motion to compel arbitration, [Dkt. 15], Plaintiff and Defendants are parties to a valid and binding mutual agreement to arbitrate claims.

Otherwise, Defendants do not disagree with Plaintiff's allegation of federal jurisdiction.

**6.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None presently known.

**7.     List anticipated interventions.**

None presently known.

**8.     Describe class-action issues.**

None.

**9.     State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Plaintiff:   Plaintiff has not served her Initial Disclosures.  Plaintiff requests that the deadline for the parties to exchange Initial Disclosures be set for September 14, 2018.

Defendants: Defendants have not served Initial Disclosures as required by Rule 26(f).

Defendants request service of Initial Disclosures be stayed until the Court has ruled on Defendants' pending motion to compel arbitration. [Dkt. 15].

**10.    Describe the proposed agreed discovery plan, including:**

    **A.     Responses to all the matters raised in Rule 26(f).**

Defendants request discovery be stayed until the Court has ruled on Defendants' pending motion to compel arbitration. [Dkt. 15].

Otherwise, Defendants do not foresee any need to deviate from a standard discovery schedule and reasonably anticipate that discovery will be completed by the deadline set forth by this court.

With respect to Federal Rule of Civil Procedure ("Rules") 26(f)(3)(A), the parties do not believe that any changes should be made in the form or requirement for

disclosures under Rule 26(a).

With respect to Rule 26(f)(3)(B), the parties anticipate conducting discovery on Plaintiff's claims and Defendants' defenses. The parties do not believe that discovery should be conducted in phases or be limited to or focused on particular issues. The parties agree that they may serve pleadings and documents on one another via e-mail, and further agree to accept electronic service of documents related to this case in accordance with Federal Rule of Civil Procedure 5(b)(2)(E).

With respect to Rule 26(f)(3)(C), the parties agree that electronically-stored information ("ESI"), if any, may be discovered and produced in accordance with the Federal Rules. After discovery is served, the parties will further consider and confer, if necessary, regarding the particular formats by which any electronically stored information will be produced. However, the parties generally agree that electronically stored information may be produced initially by the producing party in PDF format or native format. If possible, such PDFs shall be searchable.

With respect to Rule 26(f)(3)(D), the parties agree that the production of privileged or work-product protected documents, ESI, or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. The parties agree that this statement should be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The parties further agree that nothing contained in this discovery plan is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

With respect to Rule 26(f)(3)(E), no changes should be made to the limitations on discovery imposed by the Federal Rules or the Local Rules.

With respect to Rule 26(f)(3)(F), at this time, the parties are unaware of any other orders that should be issued under Rule 26(c) or Rules 16(b) or (c). To the extent the parties' position on this issue changes as discovery proceeds, the parties will confer and, if appropriate, notify the Court.

*See* Items (b) through (h) below regarding discovery generally.

**B.     When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff: Plaintiff anticipates sending interrogatories to Defendants. Plaintiff anticipates sending their First Set of Interrogatories to Defendant as soon as discovery begins and continuing as necessary until the close of discovery.

C. **When and to whom the defendant anticipates it may send interrogatories.**

   Defendants: Defendants anticipate sending interrogatories to Plaintiff at the commencement of discovery.

D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

   Plaintiff: Plaintiffs anticipate taking the deposition of Defendants' corporate representatives pursuant to Rule 30(b)(6), selected management personnel, and expert witnesses. Specifically, Plaintiff anticipates deposing: Simon Robinson, James Burke, Kelly Cubeta, Shelia Jennings, Gerald Kramer, and Dorit Rosenberg.

E. **Of whom and by when the defendant anticipates taking oral depositions.**

   Defendants: Defendants anticipate taking Plaintiff's deposition and the depositions of Plaintiff's treating physicians.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

   Plaintiff: Plaintiff proposes that the Plaintiff's deadline to designate expert witnesses and provide expert reports be set as November 1, 2018, and Defendants' deadline to designate expert witnesses and provide expert reports be set as December 3, 2018.

   Defendants: Defendants will designate expert witnesses and provide reports required by Rule 26(a)(2)(B) within 30 days after Plaintiff designates her expert witnesses.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

   Plaintiff: Plaintiff will depose those experts designated by Defendants by the close of discovery.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

   Defendants: Defendants anticipate taking the Plaintiff's expert's deposition(s) (if necessary) within thirty (30) days from designation by Plaintiff.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    As discussed *supra*, Defendants request discovery be stayed until the Court has ruled on Defendants' pending motion to compel arbitration. [Dkt. 15].

    Otherwise, Defendants are in agreement regarding the parties' proposed discovery plan.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None.

13. **State the date the planned discovery can be reasonably completed.**

    Plaintiff: February 4, 2019.

    Defendants: March 15, 2019.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties are amenable to mediation after a period for meaningful discovery.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The parties discussed potential settlement prior to the filing of Defendants' Answer and Motion to Compel.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    The parties are amenable to mediation after a period for meaningful discovery.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not agree to trial before a magistrate judge.

18. **State whether a jury demand has been made and if was made on time.**

    Yes. Plaintiff included a jury demand in her Original Complaint.

**19.** **Specify the number of hours it will take to present the evidence in this case.**

The parties estimate it will take 24-32 hours to present evidence in this case.

**20.** **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Defendants' Opposed Motion to Compel Arbitration (Doc. 15), Plaintiff's Response (Doc. 20), and Defendant's Reply (Doc. 21).

**21.** **List other motions pending.**

None.

**22.** **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None presently known.

**23.** **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

Plaintiff:  Plaintiff filed her *Certificate of Interested Parties* (Doc. 4) on June 25, 2018. Pursuant to the Court's June 11, 2018 Order (Doc. 3), if new parties are added or if additional persons or entities that are financially interested in the outcome of the litigation are identified, counsel will promptly file an amended Certificate with the Clerk.

Defendants:  Defendants filed their *Disclosure of Corporate Interests* (Docs. 16 & 17) on August 8, 2018.

**24.** **List the names, bar numbers, addresses and telephone numbers of all counsel.**

See signature blocks below.

RESPECTFULLY SUBMITTED,

*/s/ Amber L. Karns*_____
**Amber L. Karns**
Texas Bar No. 24080669
SD of TX No. 2536020
akarns@starzyklaw.com
**Michael A. Starzyk**
Texas Bar No. 00788461
SD of TX No. 16926
mstarzyk@starzyklaw.com
**Starzyk & Associates, P.C.**
10200 Grogan's Mill Rd, Suite 300
The Woodlands, Texas 77380
Telephone: (281) 364-7261
Facsimile: (281) 364-7533

**ATTORNEYS FOR PLAINTIFF
HEIDI EASTUS**

*\*/s/ Sean Braun*_____
**William S. Helfand**
State Bar No. 09388250
bill.helfand@lewisbrisbois.com
**Sean O. Braun**
State Bar No. 24088907
sean.braun@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH, LLC**
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Tel: (713) 659-6767
Fax: (713) 759-6830

**Courtney A. Hasselberg**
courtney.hasselberg@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH, LLC**
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626
Tel: (714) 966-3123
Fax: (714) 850-1030
*Admitted Pro Hac Vice*

\**Signed/Filed by Permission*

**ATTORNEYS FOR DEFENDANTS**

**ISS FACILITY SERVICES, INC.,
LUFTHANSA SYSTEMS AMERICAS, INC.,
DEUTSCHE LUFTHANSA, A.G. d/b/a
LUFTHANSA GERMAN AIRLINES**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 30, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

**William S. Helfand**
State Bar No. 09388250
bill.helfand@lewisbrisbois.com
**Sean O. Braun**
State Bar No. 24088907
sean.braun@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH, LLC**
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Tel: (713) 659-6767
Fax: (713) 759-6830

**Courtney A. Hasselberg**
courtney.hasselberg@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH, LLC**
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626
Tel: (714) 966-3123
Fax: (714) 850-1030
*Admitted Pro Hac Vice*

**ATTORNEYS FOR DEFENDANTS
ISS FACILITY SERVICES, INC.,
LUFTHANSA SYSTEMS AMERICAS, INC.,
DEUTSCHE LUFTHANSA, A.G. d/b/a
LUFTHANSA GERMAN AIRLINES**

/s/ Amber L. Karns
Amber L. Karns