United States District Court
Southern District of Texas
**ENTERED**
March 21, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HEIDI EASTUS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-01896 |
| | § | |
| ISS FACILITY SERVICES, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Defendants' Motion to Compel Arbitration (Doc. #15), Plaintiff's Response (Doc. #20), and Defendants' Reply (Doc. #24). Having reviewed the parties' arguments and the applicable legal authority, the Court grants Defendants' Motion to Compel Arbitration.

**I.  Background**

Plaintiff's claims arise from her employment with ISS. Through her employment with ISS, Plaintiff worked as a supervisor of ticketing and gate agents providing services to Lufthansa airline passengers at Bush Intercontinental Airport located in Houston, Texas. Doc. #20 at 1–2.

Plaintiff alleges retaliation and disability discrimination claims arising from her employment with ISS and Lufthansa. Defendants argue that Plaintiff's claims are subject to an agreement to arbitrate claims arising out of or related to her employment. Doc. #15 at 6. Defendants now move to compel arbitration based upon the "Mutual Agreement to Arbitrate Claims" ("Agreement") signed by Plaintiff. *Id.* at 8; Doc. #16 at ¶ 2.

Plaintiff does not dispute that there is a valid arbitration agreement, rather she argues that she cannot be compelled to arbitrate "because she is a transportation worker and her claims arising from her joint employment by Defendants are not subject to or are excluded from the

enforceability provisions of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*." Doc. #20 at 7.

## II. Legal Standard

### A. Arbitration Clause

Federal policy strongly favors enforcing contractual arbitration agreements if the contracts exist under state law and the disputes are within the scope of the arbitration clause. *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 217 (1983); *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). The Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*, permits a party to move to compel arbitration when an opposing party refuses to arbitrate issues covered by a valid arbitration agreement. *Am. Bankers Ins. Co. of Fla. v. Inman*, 436 F.3d 490, 493 (5th Cir. 2006) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991)); 9 U.S.C. § 3, 4. A court must decide "whether the parties agreed to arbitrate the dispute in question," which requires deciding whether: "(1) there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006) (quoting *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996)).

Because of the strong presumption in favor of arbitration, "a party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity." *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004). The FAA requires district courts to order arbitration of all arbitrable claims. *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co.*, 767 F.2d 1140, 1147 (5th Cir. 1985). District courts should dismiss rather than stay litigation pending arbitration if all issues must be resolved by arbitration. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1991).

### B. Transportation Worker Exception

Despite the strong preference for arbitration, Section 1 of the FAA contains an exception that limits the enforcement of arbitration agreements against certain workers. This provision "exempts from the FAA only contracts of employment of transportation workers." *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001). The transportations worker exception "excludes from the [FAA]'s coverage 'contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce.'" *Id.* at 109. "[T]he exclusion provision is limited to transportation workers, defined, for instance, as those workers 'actually engaged in the movement of goods in interstate commerce.'" *Id.* at 112.

The Section 1 exclusion is "afforded a narrow construction." *Id.* at 118. The Supreme Court explained that the proper interpretation of "transportation worker" relies on Section 1's residual clause. *Id.* at 114. The phrase, "any other class of workers engaged in foreign or interstate commerce," should be understood "to give effect to the terms 'seamen' and 'railroad employees,' and should itself be controlled and defined by reference" to those terms. *Id.* at 115. The Fifth Circuit has held that the transportation worker exclusionary clause "should be narrowly construed to apply to the employment contracts of seamen, railroad workers, and any other class of workers actually *engaged in the movement of goods* in interstate commerce in the same way that seamen and railroad workers are." *Tran v. Texan Lincoln Mercury, Inc.*, No. CIV.A. H-07-1815, 2007 WL 2471616, at *3–4 (S.D. Tex. Aug. 29, 2007) (citing to the Fifth Circuit's decisions in *Rojas v. TK Communications, Inc.*, 87 F.3d 745 (5th Cir. 1996) and *Brown v. Nabors Offshore Corp.*, 339 F.3d 391, 394 (5th Cir. 2003) (finding that the Supreme Court's holding in *Circuit City Stores* was "fully consistent with [the Fifth Circuit's] reasoning in *Rojas*")).

### III. Analysis

#### A. Arbitration Agreement

Plaintiff does not dispute that there is a valid arbitration agreement. Upon review of the Agreement signed by Plaintiff, the Court finds that it is a valid arbitration agreement and that Plaintiff's claims fall within the scope of the Agreement. Specifically, the Agreement applies to claims for discrimination, retaliation, and those claims arising under the Americans with Disabilities Act.[1] Rather than disputing the validity of the Agreement, Plaintiff argues that the transportation worker exception applies. Doc. #20 at 6.

#### B. Applicability of the Transportation Worker Exception

It is the duty of the Court to determine whether a statutory exclusion applies under Section 1 of the FAA prior to ordering arbitration. *New Prime Inc. v. Oliveira*, 138 S.Ct. 532, 537 (2019). Applying the transportation worker exception requires two findings: (1) the arbitration clause is part of an employment contract, and (2) the employee challenging the arbitration clause is a transportation worker. *Circuit City Stores*, 532 U.S. at 119.

Plaintiff worked for a passenger airline managing agents who worked at the ticket counters servicing airline passengers. Plaintiff primarily "supervised 25 part-time and 2 full-time ISS ticketing and gate agents at IAH working Lufthansa flights." Doc. #20 at 16–17. The agents that Plaintiff supervised "ticketed passengers, accepted or rejected baggage and goods, issued tags for all baggage and goods, and placed baggage and goods on the conveyor belts to transport

---

[1] The Agreement states "all disputes covered by this agreement between employee and employer shall be decided by an arbitrator through arbitration . . . this agreement applies, without limitation to any claims arising out of or related to employee's employment . . ." specifically including "claims for discrimination, harassment, retaliation, defamation (including claims of post-employment defamation or retaliation) . . ." and covering "claims arising under the Civil Rights Act of 1964, Americans with Disabilities Act . . . ." Doc. #16 at ¶ 2.

4

for additional security and loading." Doc. #20 at 10–11.

Plaintiff's job was related to transporting passengers on an airline. Courts have found that people engaged primarily in the transportation of passengers are not exempt from the FAA. *See Randle v. Metro. Transit Auth. of Harris Cty.*, No. CV H-18-1770, 2018 WL 4701567, at *4 (S.D. Tex. Oct. 1, 2018) (holding that a METROLift driver is involved in transporting passengers and "does not move goods on behalf of a carrier like a railroad or a vessel like a ship"); *see also Kowalewski v Samandarov*, 590 F Supp 2d 477, 483–85 (S.D.N.Y 2008) ("Since the primary purpose of the car service industry did not involve the movement of goods, the court found that such drivers were not exempt from the [FAA]."). One court specifically addressed whether passenger airline pilots were excluded from the FAA and found that because the pilots "are engaged in an industry which is primarily concerned with the transportation of passengers," the transportation worker exclusion did not apply. *JetBlue Airways Corp. v Stephenson*, 931 N.Y.S.2d 284, 287 (N.Y. App. Div. 2011). The Court finds that Plaintiff was working for a passenger airline, serving as a manager of ticketing and gate agents which is work primarily concerned with the transportation of passengers. Any handling of luggage or passenger property was incidental to the main function of the passenger airline industry which is the transport of passengers. Plaintiff was not "actually engaged in the movement of goods in interstate commerce in the same way that seamen and railroad workers are." *Rojas*, 87 F.3d at 748. Therefore, the transportation worker exception does not apply to Plaintiff.

### IV. Conclusion

For the aforementioned reasons, the Court determines that the transportation worker exception to the FAA does not apply to Plaintiff. Furthermore, there is a valid arbitration agreement and Plaintiff's claims are within the scope of that agreement. Therefore, Defendants'

Motion to Compel Arbitration is GRANTED. Accordingly, this case is hereby DISMISSED.

It is so ORDERED.

**MAR 2 0 2019**

Date

The Honorable Alfred H. Bennett
United States District Judge